UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHANE KENNETH NELSON,<br><br>　　　　Defendant. | Case No.: 2:22-CR-0088-TOR-2<br><br>PROTECTIVE ORDER |

　　　　The United States of America, having applied to this Court for a Protective Order regulating disclosure of the discovery materials and the confidential medical information contained therein (the "Discovery") to defense counsel in connection with the Government's discovery obligations, and the Court finding good cause therefore, **IT IS HEREBY ORDERED**:

　　　　1.　　The United States' Unopposed Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information is **GRANTED**.

　　　　2.　　The United States is authorized to disclose the discovery including sensitive information and materials (hereinafter "Discovery") in its possession pursuant to the discovery obligations imposed by this Court.

　　　　3.　　Government personnel and counsel for Shane Kenneth Nelson shall not provide, or make available, the sensitive information in the Discovery to any person except as specified in the Order or by approval from this Court.  Counsel for

Protective Order – 1

1  Defendant and the Government shall restrict access to the Discovery, and shall only
2  disclose the sensitive information in the Discovery to their client, office staff,
3  investigators, independent paralegals, necessary third-party vendors, consultants,
4  and/or anticipated fact or expert witnesses to the extent that defense counsel believes
5  is necessary to assist in the defense of their client in this matter or that the
6  Government believes is necessary in the investigation and prosecution of this matter.
7  No copies of Discovery shall be left with their client.  Nothing in this order is
8  intended to prevent the Government from complying with discovery obligations as
9  to other Defendants.

10        4.      Third parties contracted by the United States or counsel for Defendant
11 to provide expert analysis or testimony may possess and inspect the sensitive
12 information in the Discovery, but only as necessary to perform their case-related
13 duties or responsibilities in this matter.  At all times, third parties shall be subject to
14 the terms of the Order.

15        5.      Discovery in this matter will be available to defense counsel via access
16 to a case file on USA File Exchange.  If necessary to review discovery with their
17 respective clients, defense counsel may download the discovery and duplicate only
18 once.  Discovery materials may not be left in the possession of Defendant.  In order
19 to provide discovery to a necessary third-party vendor, consultant, and/or anticipated
20 fact or expert witness, counsel for Defendant may duplicate the discovery only once.
21 No other copies may be made, by defense counsel or the defendant, without prior
22 approval from this Court.

23        6.      All counsel of record in this matter, including counsel for the United
24 States, shall ensure that any party, including the Defendant, that obtains access to
25 the Discovery, is provided a copy of this Order.  No other party that obtains access
26 to or possession of the Discovery containing sensitive information shall retain such
27 access to or possession of the Discovery containing sensitive information shall retain
28 such access to or possession unless authorized by this Order, nor further disseminate

Protective Order – 2

such Discovery expect as authorized by this Order or the further Order of this court. Any other party that obtains access to, or possession of, the Discovery containing discovery information once the other party no longer requires access to or possession of such Discovery shall promptly destroy or return the Discovery once access to Discovery is no longer necessary. For purposes of this Order, "other party" is any person other than appointed counsel for the United States or counsel for Defendant.

7. All counsel of record, including counsel for the United States, shall keep a list of the identity of each person to whom the Discovery containing sensitive information is disclosed and who was advised of the requirements of this Order. Neither counsel for Defendant nor counsel for the United States shall be required to disclose this list of persons unless ordered to do so by the Court.

8. Upon entry of a final order of the Court in this matter and conclusion of any direct appeals, government personnel and counsel for Defendant shall retrieve and destroy all copies of the Discovery containing sensitive information, except that counsel and government personnel may maintain copies in their closed files following their customary procedures.

9. Government personnel and counsel for Defendant shall promptly report to the Court any known violations of this Order.

10. The proposed Protective Order submitted by the Government only applies to "sensitive information" pertaining to the search warrants sought and obtained by the Government and records responsive thereto.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 10th day of February 2024.



Thomas O. Rice
United States District Judge

Protective Order – 3